UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RAMAR DANIELS, ) | |
| ) | |
| Petitioner, ) | |
| ) | CAUSE NO. 3:16-CV-181 WL |
| vs. ) | |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

OPINION AND ORDER

Ramar Daniels, a *pro se* prisoner, filed a habeas corpus petition challenging WCC-15-11-0231, a prison disciplinary proceeding held at the Westville Correctional Facility on November 23, 2015, where a disciplinary hearing officer found him guilty of Threatening in violation of B-213. The sanctions imposed included a 90 day loss of earned credit time.

This charge was initiated when Administrative Assistant T. Cambe wrote a conduct report:

> On the above date and time [November 16, 2015, 0730] I (Mr. T. Cambe) did receive a returned grievance from Ramar Daniels #104542 in the grievance mailbox. The correspondence written by the offender states, "To: T. Cambe, you fag, remember my name and remember my E.P.R.D. And please understand bitch you can't write me up when I get out, so keep playing your little ass games".

(DE 7-1.)

Daniels submitted a Request for Interview form addressed to Cambe dated November 19, 2015, and stated:

> Yea, fag I got your conduct report lying talking about I threaten your bitch ass. Cracker, tell them you feel scared so I can get transferred to a different facility cause that's what I want. So I'll just use your lying cracker ass to get what I want. Since I can't get you to process my grievance and all you bitches like lying, transfer me or put me on lockup. Bitch you can't teach me shit, I don't respect you Fag.

(DE 7-3.)

The screening report reflects that he was notified of the offense on November 19, 2015. (DE 7-4.) He pled not guilty, and requested a lay advocate. He did not request any witnesses, but did request the dictionary definition of "threat." (Id.)

Daniels refused to cooperate in the hearing process and the hearing was conducted without him on November 23, 2015. (DE 7-6.) Daniels alleged the hearing officer was racist and biased and requested another hearing officer. That request was denied. After considering the staff reports, the grievance and the Request for Interview form, the hearing officer found Daniels guilty of Threatening, in violation of B-213. (Id.) Daniels's appeals to the facility head and the final reviewing authority were denied. (DE 7-7; 7-8; 7-9.)

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Here, Daniels raises three claims in his petition: (1) the evidence was insufficient; (2) he was not allowed to participate in the hearing; and (3) he was denied evidence in violation of DOC policy.

First, Daniels claims there was insufficient evidence to find him guilty of threatening. In reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). The court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1994). Additionally, a hearing officer is permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992).

Daniels's argues that his statements to Cambe do not amount to threatening. Threatening, offense B-213, prohibits communicating to another person a plan to physically harm, harass, or intimidate that person or someone else. (DE 8 at 7.) (Citing the Adult Disciplinary Process for Offenses within the Indiana Department of Corrections). It was reasonable for the hearing officer to conclude that Daniels threatened Cambe. Although Daniels did not explicitly threaten Cambe with physical violence, the conduct report reveals that Daniels called Cambe a "bitch" and told Cambe that he should remember his name and his earliest possible release date. This can be reasonably interpreted as a plan to harm, harass or intimidate Cambe. Thus, the record contains "some evidence" to support the hearing officer's determination that Daniels was guilty of threatening. The conduct report is some evidence that Daniels threatened Cambe. *McPherson*,

188 F.3d at 786 (7th Cir. 1999) (conduct report alone provided some evidence to support disciplinary determination). This conclusion is bolstered by Daniels' vitriolic statements in the Request for Interview form. Although Daniels denies that his words were not intended to threaten Cambe, it is not the province of this court to re-weigh evidence. Because there is some evidence to support the hearing officer's determination, there is no basis for granting habeas relief on this ground.

Next, Daniels complains that he was not allowed to participate in the hearing. However, Daniels was given the opportunity to participate at the hearing. But, after insulting the hearing officer, the hearing officer reasonably determined that Daniels was refusing to cooperate and held the hearing without him. Thus, Daniels forfeited his right by being disruptive. Criminal defendants who refuse to behave in an appropriate manner forfeit their right to be present or to present a defense. *Illinois v. Allen*, 397 U.S. 337, 345-46 (1970). An offender in a prison disciplinary proceeding does not receive the full panoply of rights as in a criminal trial. *Wolff*, 418 U.S. at 556. Daniels's argumentative and disruptive behavior amounted to a waiver of his right to be present and provide a statement. *See Griffin v. Spratt*, 969 F.2d 16, 20 (3d Cir. 1992) (reasoning that if a certain act is not a due process violation in a criminal proceeding, it follows that the same act is not a due process violation in a prison disciplinary proceeding). Thus, Daniels was not denied due process with respect to his opportunity to be present.

Third, Daniels argues that the hearing officer refused his requested evidence, which denied his due process rights under Policy #02-04-101, which is part of the IDOC Adult Disciplinary Procedures ("ADP"). As a threshold matter, violations of state law do not entitle prisoners to habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The ADP is an

unpromulgated procedure of the DOC, and violations of the ADP do not state a claim for federal habeas relief. *Hester v. McBride*, 966 F.Supp. 765, 774-75 (N.D. Ind. 1997).

Moreover, Daniels had the opportunity to request evidence and witnesses before the hearing. A prisoner has a limited right to call witnesses and present documentary evidence consistent with correctional goals and safety, but she cannot wait until the hearing to request such evidence. *Sweeney v. Parke*, 113 F.3d 716, 719-20 (7th Cir. 1997) (where prisoner had opportunity to request witnesses when he was notified of the disciplinary hearing and chose not to, prisoner's limited right to call witnesses was fulfilled and his due process rights were not violated), *overruled on other grounds by White v. Ind. Parole Bd.*, 266 F.3d 759, 765-66 (7th Cir. 2001). Thus, he was not denied the opportunity to present evidence or witnesses. *Piggie v. McBride*, 277 F.3d 922, 924-25 (7th Cir. 2002). Daniels does not identify what evidence he was prevented from submitting or how he suffered any prejudice as a result of that unadmitted evidence. *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (a prisoner is only entitled to habeas relief if the erroneous denial of evidence was harmful and caused actual prejudice). Thus, this is not a ground for habeas relief either.

For the reasons set forth above, the court **DENIES** the petition (DE 1) and this case is **DISMISSED**.

SO ORDERED.

ENTERED: April 3, 2017

                                                s/William C. Lee
                                                William C. Lee, Judge
                                                United States District Court